# UNITED STATES DISTRICT COURT
for the
## Western District of Kentucky
## Louisville Division

| | | |
|---|---|---|
| Eryn Griffin<br>*Plaintiff*<br><br>v.<br><br>On-Site Manager, Inc.<br>*Defendant*<br>Serve:<br>    Sam C. Booth<br>    10315 County Road 472<br>    Anna, TX 75409 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.  3:19-cv-52-GNS |

## COMPLAINT and DEMAND FOR JURY TRIAL

### INTRODUCTION

1. This is a complaint for Defendant On Site Manager, Inc.'s violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331; the FDCPA, 15 U.S.C. §1692k(d); and the FCRA 15 U.S.C. §§ 1681n and 1681o. Venue is proper because the nucleus of relevant fact and events that affected and/or damaged Plaintiff occurred within Jefferson County, Kentucky, which is located within this District.

### PARTIES

3. Plaintiff Eryn Griffin is a natural person who resides in Jefferson County, Kentucky and a "consumer" within the meaning of the FCRA as defined at 15 U.S.C. § 1681a(c).

4. Defendant On-Site Manager, Inc. ("On-Site") is a foreign corporation with its principal place of business located at 307 Orchard City Drive Suite 110 Campbell, CA 95008.

4. On-Site was registered to do business with Kentucky Secretary of State, but the Kentucky Secretary of State revoked On-Site's certificate of authority on October 16, 2018. On-Site is a "consumer reporting agency" within the meaning of the FCRA.

## STATEMENT OF FACTS

5. In May of 2017, Ms. Griffin and her husband Dominic Griffin were leasing an apartment from City Group at Chestnut Ridge, LLC ("Chestnut Ridge") in Louisville, KY.

6. Mr. Griffin received orders for a long-term active-duty serving out of state which constituted a call to active duty within the meaning of the SCRA.

7. In a letter dated May 9, 2017 Monte D. Goldring, 2nd Lt. KYANG, sent Chestnut Ridge a letter notifying Chestnut Ridge of Mr. Griffin's deployment.

8. Lieutenant Goldring's letter specifically asked Chestnut Ridge to "terminate [Mr. Griffin's] lease free from any fee or obligation that extends past the month he has to depart to fulfill his duty."

9. Chestnut Ridge agreed to terminate the Griffins' lease at the end of May 2017 without penalties or fees for early termination. That is, Chestnut Ridge initially agreed to honor Lt. Goldring's request.

10. As the Griffins were in the process of moving out of their apartment, Chestnut Ridge filed a forcible entry and detainer action in July 2017 against the Griffins in the Jefferson District Court of Jefferson County, Kentucky under case number 17-C-908197 (the "Eviction Action"). No explanation was given for Chestnut Ridge's reversal of its initial agreement to honor Lt. Goldring's request.

11. The Eviction Action was brought in the name: "Chestnut Ridge Apartments."

12. "Chestnut Ridge Apartments" does not exist as a person or entity.

13. "Chestnut Ridge Apartments" is not registered as an active entity with the Kentucky Secretary of State or any other state and it is not registered as an assumed name under which CityR Group at Chestnut Ridge, LLC the true owner of the apartment in which Mr. and Ms. Griffin lived.

14. Under Kentucky law the jurisdiction of Kentucky courts can only be invoked by a person or entity in existence and cannot be invoked by a fictitious, non-existent name.

15. Despite its lack of fundamental, core jurisdiction over the Eviction Action the

Jefferson District Court nevertheless entered judgment for possession in favor of the non-existent "Chestnut Ridge Apartments."

16. On August 21, 2018 the Griffins, by counsel, moved to vacate the judgment against them in the Eviction Action on grounds that the Jefferson District Court had no jurisdiction over the case and therefore the Eviction Action was a nullity and the judgment entered void *ab initio* as a matter of law.

17. The Jefferson District Court granted the Griffins' motion and entered an order vacating the judgment in favor the non-existent Chestnut Ridge Apartments. A true and accurate copy of the order vacating the judgment is attached as Exhibit "A."

18. On or about January 2, 2019, Ms. Griffin applied for an apartment lease with La Fontenay Apartments ("La Fontenay").

19. In evaluating Ms. Griffin's application, La Fontenay requested, received, and reviewed a Rental Report published by Defendant On-Site Manager, Inc. ("On-Site") dated January 2, 2019.

20. The On-Site Rental Report included a section titled "Landlord Tenant Court Records."

21. The Landlord Tenant Court Records included the judgment in the Eviction Action:

| Landlord Tenant Court Records | | | | |
|---|---|---|---|---|
| ⊙ A landlord tenant court record does not necessarily mean that a tenant owed rent or was evicted from an apartment. | | | | |
| Date Filed 6/2017 | Case Type CIVIL ACTION FOR POSSESSION | Court JEFFERSON | Case Number 17C008197F | Notice Type |
| | Judgment FOR PLAINTIFF 7/14/2017 | Judgment Amount | Status | Amount Paid |
| | Defendants ERYN GRIFFIN | | | |
| | Address ███████████ LOUISVILLE, KY 40299 | | Comments | |
| | Plaintiff CHESTNUT RIDGE APARTMENTS | | Plaintiff Phone # | |

22. The above information is false and inaccurate since the judgment in the Eviction Action was vacated and which is <u>not</u> reflected in the On-Site Rental Report.

23. Because of the false and inaccurate credit information published by On-Site, La Fontenay was "unable to offer [Ms. Griffin] a lease on the terms that you requested based…on information contained in a consumer report that we obtained through On-Site Manager, Inc." La Fontenay adverse action letter dated January 2, 2019. A true and accurate copy of La Fontenay's

adverse action letter is attached as Exhibit "B."

24. Because of the false and inaccurate information about the Eviction Action published by On-Site Ms. Griffin had to pay "an additional security deposit of $789.00." *Id.*

25. The On-Site Rental Report included a section titled "Sources of the information in our report" that provides in pertinent part:

> If our report indicates that we requested information about possible criminal records or landlord tenant court records, please contact us at (866) 266-7483 and our Renter Relations team will provide information about our sources to you.

26. Ms. Griffin called the number above and spoke with an On-Site Rental Relations team member who informed her that the On-Site obtained the public-record information concerning the Eviction Action directly from the Jefferson District Court clerk's office.

27. On-Site failed to maintain reasonable procedures designed to avoid violations of the FCRA in connection with publishing credit information concerning Ms. Griffin and the false and inaccurate information concerning the Eviction Action.

## CLAIMS FOR RELIEF

28. Defendant On-Site Manager, Inc. ("On-Site") violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of consumer reports it published to its subscribers and users of its consumer reports concerning Ms. Griffin and the Eviction Action.

29. On-Site's conduct, actions and inactions were willful, rendering On-Site liable under 15 U.S.C. § 1681n for actual, statutory, and punitive damages, along with attorney's fees and costs. On-Site was on clear notice that the failure to update public records to reflect subsequent case developments post-judgment was a serious problem with credit reporting agencies. This is reflected in National Consumer Assistance Plan put together by Trans Union, Experian, and Equifax in which these three consumer reporting agencies agreed to stop reporting judgment information in the public-record section of credit reports because the unreliability of the accuracy of this information.

30. In the alternative, On-Site's conduct, actions and inactions were grossly negligent or negligent, rendering On-Site liable under 15 U.S.C. § 1681o for actual damages, along with attorney's fees and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Eryn Griffin requests that the Court grant her the following relief:

1. Award the maximum amount of statutory damages under 15 U.S.C. §1681n;

2. Award Plaintiff attorney's fees, litigation expenses and costs;

3. Award Plaintiff actual damages under 15 U.S.C. §1681n or, in the alternative, under 15 U.S.C. § 1681o;

4  Award Plaintiff punitive damages under 15 U.S.C. § 1681n;

5. A trial by jury; and

6. Any other relief to which Plaintiff may be entitled.

Respectfully submitted,

/s/ James R. McKenzie
**James R. McKenzie**
*James R. McKenzie Attorney, PLLC*
115 S. Sherrin Avenue, Suite 5
Louisville, KY 40207
Tel:   (502) 371-2179
Fax:   (502) 257-7309
jmckenzie@jmckenzielaw.com

James H. Lawson
*Lawson at Law, PLLC*
115 S. Sherrin Avenue, Suite 5
Louisville, KY 40207
Tel:   (502) 473-6525
Fax:   (502) 473-6561
james@kyconsumerlaw.com